NO. 07-11-00467-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 17, 2012

THE CITY OF AMARILLO, APPELLANT

v.

KEITH BRIAN BURCH, APPELLEE

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 63,645-A; HONORABLE RICHARD DAMBOLD, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**CONCURRING OPINION**

I concur in the Court's judgment affirming the trial court's denial of the City of Amarillo's plea to the jurisdiction, because I agree with the majority that Burch has not, by his pleadings, affirmatively negated the trial court's jurisdiction over his inverse condemnation claim. *Cf. Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 321 S.W.3d 1 (Tex.App.—Houston [14th Dist.] 2008), *aff'd*, 320 S.W.3d 829, 844 (Tex. 2010) (holding plaintiffs' petition affirmatively negated subject-matter jurisdiction over alleged takings claim by establishing affirmative defense of consent). I agree also the City has not shown that the December 2005 license and settlement agreement, its July 2006

addendum or the 1980 easement agreement in favor of the City conclusively demonstrate the absence of jurisdiction.  Beyond that, I do not join in the majority's discussion of the City's further contentions regarding the effect of the license and settlement agreement and the easement agreements with the City and the State of Texas.  It seems to me the City's contentions delve into the merits of Burch's claims to a degree unnecessary to a determination of the trial court's jurisdiction.  I would leave discussion of those contentions for another occasion.


James T. Campbell
Justice